UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MERRYL S. KOPLO,

          Plaintiff,

vs.

ZWICKER and ASSOCIATES, P.C.,
And DISCOVER FINANCIAL SERVICES,
LLC,

          Defendants.

Case No.:

## COMPLAINT
### JURY DEMAND

1. Plaintiff, MERRYL S. KOPLO ("Plaintiff') by and through the undersigned counsel hereby brings this action against Defendant, Zwicker and Associates, P.C., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Plaintiff also brings this action against Defendant Discover Financial Services, LLC for violations of the Florida Consumer Collection Practices Act § 559.72 *et seq*. (hereinafter "FCCPA") and violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* (hereinafter "FCRA")

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

3. Supplemental jurisdiction exists for Plaintiff's FCCPA claim pursuant to 28 U.S.C. § 1367.

4. Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Broward County, Florida.

### PARTIES

5. Plaintiff is a natural person who, at all times relevant to this action, is and was a resident of Broward County, Florida.

6. Plaintiff, who, as more fully described herein, is allegedly obligated to pay a debt and is therefore a consumer within the meaning of 15 U.S.C. § 1692a(3).

7. Defendant, Zwicker and Associates, P.C. ("Zwicker") is a Massachusetts Corporation whose principal place of business is 80 Minuteman Road, Andover, MA 01810-1031 and whose registered agent for service of process in the state of Florida is CT Corporation System 1200 South Pine Island Road, Plantation, FL 33324.

8. Zwicker uses the mail and telephone in a business the principal purpose of which is the collection of debts. Zwicker is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9. At all times material hereto, Zwicker regularly collects or attempts to collect debts for other parties and is a "debt collector" as defined under 15 U.S.C. 1692a(6).

10. Defendant, Discover Financial Services, LLC ("Discover") is an Illinois Corporation with its principal place of business at 2500 Lake Cook Road Riverwoods, Illinois 60015. Discover is authorized to do business in and regularly conducts business in the State of Florida and whose registered agent for service of process in the state of Florida is CT Corporation System 1200 South Pine Island Road, Plantation, FL 33324.

## APPLICABLE LAW

### The Fair Debt Collection Practices Act

11. The FDCPA provides, in relevant part: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt … 15 U.S.C. § 1692e.

12. A consumer has a right under the FDCPA to receive information from a debt collector that is not "false, deceptive, or misleading." *Pralle v. Cooling & Winter, LLC*, No. 2:16-cv-865-FtM-99CM (M.D. Fla. May 2, 2017).

13. The FDCPA defines the term "consumer" as "any natural person obligated or <u>allegedly obligated</u> to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added).

14. The FDCPA defines the term "debt" as "any obligation or <u>alleged obligation</u> of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) (emphasis added).

15. The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due <u>or asserted to be owed or due another</u>." 15 U.S.C. § 1692a(6) (emphasis added).

16. The FDCPA is essentially a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *See Rivera v. Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006).

17. For the purposes of the claims brought in this action, the applicable standard under the FDCPA in the Eleventh Circuit is "the least sophisticated" consumer test. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (adopting the test enunciated in Exposition Press Inc. v. *FTC*, 295 F.2d 869 (2d Cir. 1961)).

18. The principles underlying the FDCPA must be implemented for "the public— that vast multitude which includes the ignorant, the unthinking and the credulous." *Jeter*, 760 F.2d at 1172-73 (internal citations omitted). The "fact that a false statement may be obviously false to

those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. at 1173 (internal citations omitted).

19. Actions brought for failure to comply with the validation notice of § 1692g are called "overshadowing" claims because the validation notice must not be overshadowed or contradicted by the other language of the collection letter or other messages from the debt collector. *See Gaalswyk – Knetzke v. The Receivables Management Services Corporation*, Case No: 8:08-cv-493-T-26TGW, DE 13, (M.D. Fla. May. 27, 2008) (citing *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518 (7th Cir. 1997); *Bartlett v. Heibl*, 128 F.3d 497, (7th Cir. 1997) (stating that although the statute does not state that the disclosures must not be confusing to the unsophisticated debtor, the courts have held that it is implicit that a duty exists "to avoid confusing the unsophisticated consumer . . .by contradicting or 'overshadowing' the required notice"); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

**FCCPA**

20. The FCCPA creates a private right of action under Fla. Stat. § 559.77.

21. The FCCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." Fla. Stat. § 559.55(8).

22. The FCCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id.* § 559.55(6).

23. Consumer protection statutes are remedial in nature and should be liberally construed in favor of the public. *See Samara Dev. Corp. v. Marlow*, 556 So. 2d 1097, 1100 (Fla. 1990).

24. The FCCPA's goal is to "provide the consumer with the most protection

possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) (citing Fla. Stat. § 559.552).

25. The FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debt. Fla. Stat. § 559.72. This language includes all unlawful attempts at collecting consumer debts by creditors and debt collectors alike. *See Williams v. Streeps Music Co.*, 333 So. 2d 65, 67 (Fla. Dist. Ct. App. 1976).

26. Additionally, the FCCPA provides that no person shall "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. §559.72(7).

### The Fair Credit Reporting Act

27. The Fair Credit Reporting Act, 15 U.S.C. §1681 *et. seq.,* was originally enacted in 1970 for the purpose of regulating the collection, dissemination, and use of consumer credit information.

28. Congress found that "[i]nnacurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. §1681(a)(1).

29. "The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. The consumer has a right to information which is accurate; he has a right to correct inaccurate or misleading information; he has a right to know when inaccurate information is entered into his file; he has a right to see that the information is kept confidential and is used for the purpose for which it is collected; and he has a right to be free from unwarranted invasions of his personal privacy." The Fair Credit Reporting Act seeks to

secure these rights." Hearings on S. 823 Before the Subcomm. on Financial Institutions of the S. Comm. on Banking and Currency, 91st Cong. 2 (1969).

30. A "furnisher of information" provides information about consumers' credit history to credit reporting agencies. 15 U.S.C. §1681s-2.

31. "Furnishers of information" under the FCRA, pursuant to 15 U.S.C. §1681s-2(b) to conduct a reasonable investigation into each of the written disputes that it receives from the credit reporting agencies. *See also Hinkle v. Midland Credit Mgmt., Inc.,* 827 F.3d 1295, 1302 (11th Cir. 2016).

32. As the 11th Circuit observed in *Hinkle* "§ 1681s–2(b) is designed not only to exclude false information from credit reports, but also to prevent the reporting of unverifiable information." *Id.* at 1304.

33. The FCRA provides a private right of action against any person that violates the provisions of the FCRA. 15 U.S.C. §§ 1681o, 1691n.

34. If the violation is negligent, the FCRA allows the consumer to recover actual damages (§ 1681o(a)); however, if the violation is willful, the consumer may recover any actual damages or statutory damages from not less than $100.00 and not more than $1,000. § 1681n(a).

## FACTUAL ALLEGATIONS

35. The factual allegations of this Complaint stem from Discover's failure to properly reinvestigate Plaintiff's dispute in connection with her settlement agreement she entered into with Discover in November 2017. Additionally, subsequent events pertain to Zwicker's attempts to collect from Plaintiff a settled debt that was already in repayment to Discover when Zwicker attempted to collect.

36. On or about November 2, 2017, Plaintiff entered into a settlement agreement with Discover for a previously closed account. Since November 2, 2017, Plaintiff has been sending

$90.00 monthly payments to Discover as required by the settlement agreement. A copy of that settlement agreement is attached hereto as Exhibit "A."

37. After Plaintiff entered into the settlement agreement with Discover she reviewed her Experian credit report where she discovered several inaccurate items.

38. Plaintiff sent a dispute letter dated December 28, 2017 to Experian, a copy of is attached hereto as Exhibit "B." Within that December 28, 2017 letter, Plaintiff described with particularity the terms of her settlement with Discover, to wit: "Although my account was charged off, I entered into a written agreement where I am paying $90 per month to Discover Financial Services."

39. The December 28, 2017 further described the fact that her amount charged off was actually 50% of what was being reported on her Experian report. Additionally, Plaintiff disputed the reporting of her failure to pay when she is paying a monthly amount of $90.

40. On January 26, 2018, Experian provided the results of the dispute Plaintiff which failed to mention any details or information on the payment arrangement, the balance owed, or her monthly payments going back to November 2017.

41. On or about February 9, 2018, Zwicker sent notice to Plaintiff, through the undersigned, notifying her that it was attempting to collect its claim against Plaintiff for the balance owed on her Discover account. The February 9, 2018 letter from Zwicker referenced the same account number and balance as the settlement agreement Plaintiff was paying on a monthly basis to Discover.

42. In response, on or about March 7, 2018, Plaintiff disputed Zwicker's right to collect on this debt based on the settlement agreement she was currently under. Plaintiff provided the details of the payment arrangement, to wit: "Ms. Koplo entered into a settlement agreement with Discover Bank in November of 2017 where she is paying $90 per month in fifty-nine (59)

separate payments." A true and correct copy of the March 7, 2018 dispute letter is attached hereto as Exhibit "C."

43. Zwicker replied on or about May 5, 2018 by enclosing account statements of the Discover card account that was already settled and in repayment as described directly above. A copy of Zwicker's May 5, 2018 letter is attached hereto as Exhibit "D."

## COUNT I – VIOLATION OF 15 U.S.C. §1692e(10)
## AGAINST ZWICKER

44. Plaintiff incorporates paragraphs 1 through 43 as if fully set forth herein.

45. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. *Johnson v. Midland Funding, LLC*, 823 F.3d 1334 (11th Cir. 2016).

46. Zwicker violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt from Plaintiff.

47. By receiving a collection notice from Zwicker while already in a repayment arrangement the least sophisticated consumer would have been deceived because the attempt from Zwicker clearly overshadowed and contradicted the settlement agreement with Discover.

48. After receiving the February 9, 2018 collection letter from Zwicker, the least sophisticated consumer would have been deceived because Zwicker's letter overshadowed and contradicted who was actually collecting the debt.

49. The least sophisticated consumer would have been deceived by receiving a collection notice from a different debt collector after entering into a repayment arrangement.

50. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with

any provision of the FDCPA with respect to any person is liable to such person for up to $1000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

51. As a result of Defendant's aforementioned violations, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal collection practices.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant for:

a. Statutory damages pursuant to 15 U.S.C. § 1692k;

b. Attorneys' fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

**COUNT II – VIOLATION OF §559.72(7) AGAINST DISCOVER**

52. Plaintiff incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

53. At all times relevant to this action, Discover is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

54. Discover violated Florida Statute § 559.72(7) by "[w]illfully communicat[ing] with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

55. Discover engaged in an act or omission prohibited under §559.72(7),

Florida Statutes, by willfully engaging in conduct, which can reasonably be expected to harass or abuse the Plaintiff. Specifically, Discover assigned a settled account that was in repayment to a debt collector in an attempt to re-collect.

56. "Any person who fails to comply with any provision of s. 559.72 is liable for actual damages **and for additional statutory damages as the court may allow**, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s.559.72, the frequency and persistence of the non-compliance, and the extent to which the noncompliance was intentional." Fla. Stat. 559.77(2) (emphasis added).

57. As a result of Discover' aforementioned violations, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal collection practices.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Discover for:

    a. Statutory damages pursuant to Fla. Stat. § 559.77;

    b. attorneys' fees, litigation expenses and costs of the instant suit; and

    c. such other or further relief as the Court deems proper.

### COUNT III - VIOLATION OF THE FAIR CREDIT REPORTING ACT (AGAINST DISCOVER)

58. Plaintiff re-alleges and incorporates by reference his allegations in Paragraphs 1 through 57 above.

59. Discover is a furnisher under the FCRA because it provides information concerning consumers to credit reporting agencies.

60. Discover violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute when it failed to review all relevant information regarding the alleged debt. Additionally, Discover violated §1681s-2(b) by failing to accurately respond Plaintiff's dispute forwarded by Experian concerning the account Discover reported.

61. As a result of Discover's violations of the FCRA, Plaintiff has been damaged. Plaintiff's damages include emotional distress, loss of credit and the opportunity to obtain credit, and the costs associated with his disputes.

62. Discover negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

63. Plaintiff is entitled to an award of prevail party attorney's fees pursuant to 15 U.S.C. §1681.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Discover in the form of:

    a. Actual damages in an amount to be determined by the jury;

    b. Statutory damages as determined by the Court;

    c. Attorneys' fees, litigation expenses and costs;

    d. Interest as permitted by law; and

    e. Such other and further relief including as the Court deems equitable and just under the circumstances.

**<u>JURY DEMAND</u> AND RESERVATION FOR PUNITIVE DAMAGES**

64. Plaintiff demands a trial by jury.

Respectfully submitted,

/s/ *Kevin Rajabalee*
Kevin Rajabalee, Esq.
FBN: 119948

**KR LEGAL, P.A.**
3440 Hollywood, Blvd., Ste 415
Hollywood, FL 33021
Telephone: (954) 667-3096
Email: Kevin@KRlegal.net

 */s/ Kevin P. Ackerman*
 Kevin P. Ackerman, Esq.
 Florida Bar No. 115385

 **THE ACKERMAN LAW FIRM, P.A.**
 80 S.W. 8th Street, Suite 2000
 Miami, Florida 33130
 Tel: (305) 359-5228
 Email: Kevin@Ackermanfirm.com

*Attorneys for Plaintiff*